**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARISA VLADIMIROVNA MORDOVETS, | No. 06-75473 |
| Petitioner, | Agency No. A097-349-866 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Larisa Vladimirovna Mordovets, a native and citizen of Russia, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and de novo claims of due process violations in removal proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Mordovets' asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Accordingly, we dismiss the petition as to Mordovets' asylum claim.

Substantial evidence supports the IJ's adverse credibility determination because Mordovets' failure to mention her five arrests during her testimony, and the omission from her asylum application that she was a leader of her trade union, go to the heart of her claim. *See Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004). The IJ reasonably rejected Mordovets' explanations for these omissions. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Mordovets' withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Mordovets' CAT claim is based on the same evidence the agency found not credible, and she points to no other evidence showing it is more likely than not she would be tortured if she returns to Russia, Mordovets' CAT claim also fails. *See id*. at 1156-57.

We reject Mordovets' contention that the IJ's conduct during the proceedings violated her due process, because the record reflects she had a "full and fair hearing" and a "reasonable opportunity to present evidence on [her] behalf." *See Colmenar*, 210 F.3d at 971; *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006) (requiring error and substantial prejudice to prevail on a due process claim).

Finally, we decline to take administrative notice of the more recent events occurring in Chechnya. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**